UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:___1/22/2021___           │
└─────────────────────────────────────┘
```

---

ANDRES SCAMINACI,

                    Plaintiff,

          -against-

OMAR JAFFREY,

                    Defendant.

---

21-cv-321 (MKV)

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION
AND MOTION TO INTERVENE

MARY KAY VYSKOCIL, United States District Judge:

On January 14, 2021, Plaintiff filed a motion for a preliminary injunction [ECF #4, 6, 7, 8]. The same day, the Court issued an Order directing Defendant to respond by January 19, 2021 and scheduling a hearing for January 22, 2021 [ECF #10]. Defendant timely filed his response in opposition to the motion for a preliminary injunction [ECF #14, 16, 17, 18]. At the same time, Melody Wireless Infrastructure, Inc. ("MWI") filed a motion to intervene in this action for the limited purpose of opposing Plaintiff's motion for a preliminary injunction, together with a brief in opposition to Plaintiff's motion [ECF #13, 20, 21, 22, 23, 26, 27, 28, 29]. On January 21, 2021, Plaintiff filed a response in opposition to the motion to intervene [ECF #31, 32, 33, 34]. The Court held a hearing on January 22, 2021.

As the Court explained on the record at the hearing, the motion of MWI to intervene in this action, pursuant to Rule 24 of the Federal Rules of Civil Procedure, is DENIED. To intervene as of right, pursuant to Rule 24(a), ''an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'' *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003). For permissive intervention, pursuant to Rule 24(b), "the court considers substantially the same

factors." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

The Court found that Defendant more than adequately represents the interests of MWI in

opposing Plaintiff's motion for a preliminary injunction.  The Court deemed the brief that MWI

filed in opposition to Plaintiff's motion, and which the Court reviewed, an amicus brief.  *See*

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-cv-11285, 2020

WL 5667181, at *8 (S.D.N.Y. Sept. 23, 2020).

   The Court now rules that Plaintiff's motion for a preliminary injunction is DENIED.  A

preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted

unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol.*

*Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005).  The Court finds that Plaintiff has not carried his

burden under Federal Rule of Civil Procedure 65(a).  The Court will fully explain its reasoning

in a forthcoming opinion.

   The Clerk of Court is respectfully directed to terminate the motion pending at docket

entry 13.

**SO ORDERED.**

**Date:  January 22, 2021**
             **MARY KAY VYSKOCIL**
    **New York, NY**          **United States District Judge**