22-958-cv
*Scaminaci v. Jaffrey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT: Denny Chin,
Steven J. Menashi,
Beth Robinson,
   *Circuit Judges.*

_____

ANDRES SCAMINACI,

 *Plaintiff-Appellant,*

v.                  No. 22-958-cv

OMAR JAFFREY,

 *Defendant-Appellee,*

MELODY WIRELESS INFRASTRUCTURE, INC.,

 *Intervenor.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/16/2023

| | |
|---|---|
| *For Plaintiff-Appellant:* | GAVIN D. SCHRYVER (Marc Kasowitz, *on the brief*), Kasowitz Benson Torres LLP, New York, NY. |
| *For Defendant-Appellee*: | DANIEL BROCKETT (Alex H. Loomis, Jeremy D. Andersen, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part**, REVERSED** in part, and **VACATED** in part.

Plaintiff-Appellant Andres Scaminaci appeals the judgment of the United States District Court for the Southern District of New York dismissing his breach of contract, breach of fiduciary duty, and defamation claims against Defendant-Appellee Omar Jaffrey. We assume the parties' familiarity with the facts and the procedural history of the case.

I

Scaminaci's amended complaint alleges that he is entitled, pursuant to the parties' 2018 Agreement, to a five-percent "carry share" of Jaffrey's new

2

investment fund. J. App'x 113 (¶ 86). It alleges that Jaffrey has breached and attempted to repudiate the agreement by refusing to acknowledge or confirm Scaminaci's carry share in the new fund. Scaminaci therefore seeks a declaratory judgment stating that Jaffrey is bound by the 2018 Agreement and that Scaminaci has a right to the carry share under it. The district court dismissed this claim, concluding that Scaminaci "fail[ed] to allege an injury in fact" and consequently had no standing. J. App'x 220. We disagree.

Prior to litigation and during the district court proceedings, Jaffrey has strategically declined to say whether Scaminaci has a carry share under the 2018 Agreement. That avoidance has continued before this court. At oral argument, Jaffrey's counsel stated, "we're not disputing … that [Scaminaci] has a contract right to a five percent carry." Oral Argument Audio Recording at 14:11-16. But when asked to stipulate to that proposition, Jaffrey's counsel responded: "I didn't come here authorized to make stipulations on behalf of my client." *Id.* at 14:21-25.[1]

---

[1] Jaffrey's counsel did state that he could "stipulate that [Scaminaci] has a five percent carry share, set forth in the agreement, and we have never disputed that he has a five percent carry right. We've not denied him any information; he's not been denied any rights that any limited partner in the fund has, and so there is no case of concreteness and immediacy to decide." Oral Argument Audio Recording at 14:28-54. But given that

3

Jaffrey's refusal to acknowledge that Scaminaci is entitled to a carry share under the 2018 Agreement gives rise to the inference that Jaffrey has deprived Scaminaci of his right to utilize his carry share by, for instance, collateralizing, selling, assigning, or donating it. This inference suffices to plead an injury-in-fact and establishes that there is a "controversy" between the parties for Article III purposes. When a defendant repeatedly refuses to take a position on the issue for which the plaintiff seeks a declaratory judgment, there exists a "real, substantial controversy between [the] parties involving a dispute definite and concrete." *In re Bean*, 252 F.3d 113, 117 (2d Cir. 2001) (internal quotation marks omitted). Were we to conclude otherwise, a defendant facing an action for a declaratory judgment could avoid litigating the merits of an opponent's claims by strategically evading questions. Scaminaci's amended complaint pleads facts that "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

---

counsel had already stated he was not authorized to make any commitments, we do not conclude that this statement binds Jaffrey.

4

We conclude there is a controversy regarding Scaminaci's claim for breach of the 2018 Agreement. We reverse the judgment of the district court and remand for further proceedings.

II

The amended complaint also asserts that Jaffrey breached the parties' 2020 Agreement, which states that neither Jaffrey nor Scaminaci may enter into a binding agreement on behalf of a fund without the other's consent. Scaminaci seeks a declaratory judgment stating that Jaffrey remains bound by the 2020 Agreement and may not cause any of the relevant entities to enter into an agreement without Scaminaci's consent. Based on the parties' representations at oral argument and the materials submitted in their post-argument letter briefs, we conclude that this claim is moot. In July 2022, the parties signed an agreement with a third-party liquidator that placed all power to control and manage the relevant funds with the liquidator. Jaffrey no longer wields the managerial power contemplated by the 2020 Agreement; the liquidator now controls the entities. And Jaffrey's remaining involvement with those entities is limited to being an agent of the liquidator. For those reasons, it is "absolutely clear" that a breach of the 2020 Agreement by Jaffrey cannot "reasonably be expected to [oc]cur," so this claim is

5

moot. *Friends of the Earth, Inc. v. Laidlaw Env't Srvs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

For that reason, we vacate the judgment of the district court concluding that Scaminaci failed to state a claim for breach of the 2020 Agreement and dismiss the claim as moot.

### III

Scaminaci also brought a claim against Jaffrey for breach of fiduciary duty, arguing that Jaffrey diverted resources and opportunities away from Melody and to his new venture. Under Delaware law, contracting parties may "expand, restrict, or eliminate any fiduciary duties that … [a] person might otherwise owe." *Norton v. K-Sea Transp. Partners L.P.*, 67 A.3d 354, 360 (Del. 2013). Here, the 2018 Agreement expressly acknowledged that Jaffrey was building a new investment fund and that Jaffrey could "build a team within Melody to support this effort." J. App'x 186. The 2018 Agreement thereby modified Jaffrey's fiduciary duties to Melody, allowing him to redirect resources to his new fund.

More specifically, Scaminaci alleges that Jaffrey diverted a $16 million opportunity to Jaffrey's new fund. But when partners are, by mutual agreement, "authorized to compete with the partnership," one partner cannot "properly

6

maintain a usurpation of … opportunity claim" when another partner begins to compete. *Sonet v. Timber Co., L.P.*, 722 A.2d 319, 322 (Del. Ch. 1998). The 2018 Agreement authorized both parties to compete with Melody. For example, the Agreement states that "[a]ll decisions related to [Jaffrey's new fund] will be exclusively by Jaffrey with no interference from anyone at Melody." J. App'x 186.

For these reasons, we affirm the district court's judgment dismissing Scaminaci's breach of fiduciary duty claim.

## IV

Finally, Scaminaci alleges that Jaffrey defamed him by making false statements about Scaminaci to investors, potential buyers of Melody assets, and other third parties. Four of the five allegedly defamatory statements are "[e]xpressions of opinion" rather than "assertions of fact." *Mann v. Abel*, 885 N.E. 2d 884, 885-86 (N.Y. 2008). Several of the words used in those four statements— "scheme," "clandestine," "flawed," and so on—"signal" to the listener that the expressions contain opinion, not fact. *Brian v. Richardson*, 660 N.E.2d 1126, 1129 (N.Y. 1995); *see* J. App'x 115 (¶ 99). Accordingly, those four statements are not actionable for defamation. *See Mann*, 885 N.E.2d at 885-86.

The fifth allegedly defamatory statement is a statement of fact: Jaffrey allegedly told third parties that Scaminaci's "primary day-to-day role at Melody" prior to 2016 was as "transaction counsel." J. App'x 115 (¶ 99). Scaminaci responds only that he was "instrumental in the launch and management of the Melody Companies," which is consistent with his primary role being transaction counsel. *Id.* at 107 (¶ 58). Scaminaci therefore fails to plead this statement was false, which is an essential element of a defamation claim. *See Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000).

For these reasons, we affirm the district court's dismissal of Scaminaci's defamation claim.

\* \* \*

For the foregoing reasons, we **AFFIRM** in part**, REVERSE** in part, and **VACATE** in part the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

8

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit