UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/26/2023___

| | |
|---|---|
| ANDRES SCAMINACI,<br><br>    Plaintiff,<br><br> v.<br><br>OMAR JAFFREY,<br><br>    Defendant. | Case No. 1:21-cv-321-MKV |
| OMAR JAFFREY,<br><br>    Counterclaim-Plaintiff,<br><br> v.<br><br>ANDRES SCAMINACI,<br><br>    Counterclaim-Defendant. | **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

  WHEREAS, the parties in the above-captioned case (the "Action") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality and protective order (the "Stipulation and Order" or the "Agreement") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this Action:

  1. Counsel for any party may designate any information of any kind provided in the course of discovery in this Action ("Discovery Material"), in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, confidential business information, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

  2. With respect to Discovery Material other than deposition transcripts and exhibits, a party or a producing person or that person's counsel may designate the Discovery Material Confidential by stamping or otherwise clearly marking it as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. Deposition transcripts shall be treated as

1

CONFIDENTIAL under the terms of this Order for 30 days after the receipt of the transcript, after which time the transcript shall no longer be treated as Confidential unless a party or a producing person or that person's counsel, at the deposition or up to 30 days after receipt of the transcript, notifies all parties in writing that the entire transcript, or a portion thereof, is Confidential, after which the transcript or such portions shall thereafter be treated as Confidential under the terms of this Order.

3. The Confidential Information disclosed will be held and used by the person receiving such information for use in connection with this Action (including any appeal therefrom) as well as the parties' action pending in New York Supreme Court titled *Jaffrey v. Scaminaci*, Index No. 653352/2022 (N.Y. Sup. Ct.) (including any appeal therefrom) (the "State Action").

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court pursuant to the Court's Individual Practices. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a) the parties to this Action and the State Action;

    (b) counsel retained specifically for this Action and for the State Action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and any third-party vendors engaged by counsel for the purpose of managing documents and/or data related to this matter;

    (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this Action or the State Action, provided such person has first executed the form annexed as Exhibit A hereto;

    (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action or the State Action, provided such person has first executed the form annexed as Exhibit A hereto;

    (f) stenographers engaged to transcribe depositions conducted in this Action or the State Action; and

    (g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign and execute the form annexed as Exhibit A hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed form.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to subsequently designate such document or information as Confidential Information. Any Discovery Materials that are produced without being designated "Confidential" may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the Action by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as "Confidential" shall not violate the terms of this Agreement, provided, however, that a person disclosing such material that is subsequently designated as "Confidential" shall use its best efforts to retrieve such material from the recipient(s) and prevent further disclosures except as authorized in this Agreement. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. In the event that before trial in this Action, or in connection with any hearing, motion, or pleading related to this Action, any party determines to file or submit information (the "Filing Party") designated Confidential by someone other than the Filing Party, the Filing Party must do so in a way that the Confidential Information be filed under seal or be redacted in accordance with the applicable Local Rules, Electronic Case Filing Rules & Instructions, the Individual Rules, and the Court's procedures for requests for filing under seal and for redaction. When the Filing Party is seeking sealed treatment based on the designations of someone else, the designation as Confidential shall be sufficient for the initial filing to take place in redacted or under-seal fashion as an initial matter. The sealing request shall make clear that the basis of the request is the designation by another party, who shall be given notice of the filing. However, it shall then be the burden of the party that designated the information as Confidential to justify that the information shall be permanently sealed or redacted. The parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents on a permanent basis. Where practical, the Filing Party shall seek the designating party's input so that the basis of any sealing or redaction request can be inserted into the initial sealing papers as to avoid the need for the designating party to file its own responsive document explaining the basis for a permanent sealing request.

10. For the sake of clarity, the Filing Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by the Filing Party. Should a Filing Party file its own Confidential Information publicly, that information shall no longer be considered Confidential for any purpose. Also for the sake of clarity, when the Filing Party is the party that has designated information as Confidential, it shall have the full burden of justifying the sealing or redaction of the materials, and the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

11. Absent further order of the Court, any third party that produces information in this Action or the State Action shall be deemed a "Producing Party" for purposes of this Stipulation and Order. Such third party shall have the same rights and obligations as a Producing Party. Any party who serves a subpoena on a third party shall provide such third party with a copy of this Order. In the event a third party produces information in response to a subpoena or request, any party receiving such information from the third party shall ensure that the other party receives copies of the third party's production within five (5) business days of the receiving party's receipt of such production.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

Dated: New York, New York
      July 11, 2023

| | |
|---|---|
| KASOWITZ BENSON TORRES LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: _/s/ Gavin D. Schryver_<br>    Gavin D. Schryver<br>    Marc E. Kasowitz<br>    Albert Shemmy Mishaan | By: _/s/ Daniel L. Brockett_<br>    Daniel L. Brockett<br>    Jeremy Andersen<br>    Sebastian Becker |
| 1633 Broadway<br>New York, NY 10019<br>(212) 506-1700 | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000 |
| *Attorneys for Plaintiff and Counterclaim-Defendant Andres Scaminaci* | *Attorneys for Defendant and Counterclaim-Plaintiff Omar Jaffrey* |

**SO ORDERED:**

Dated:   July 26, 2023
      New York, New York

_____
Hon. Mary Kay Vyskocil
United States District Judge

# EXHIBIT A

## Agreement

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Scaminaci v. Jaffrey*, Case No. 21-cv-00321-MKV (S.D.N.Y.) and/or the *Jaffrey v. Scaminaci*, Index No. 653352/2022 (N.Y. Sup. Ct.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____ , 20\_\_

Name (Printed)              Signature

_____      _____

Signed in the presence of:

Attorney

_____