UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES SCAMINACI,

            Plaintiff,

-against-

OMAR JAFFREY,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/2024

21-cv-321 (MKV)

ORDER ON DISCOVERY DISPUTES, MOTION TO DISMISS, MOTIONS TO AMEND, MOTION FOR SANCTIONS, DISCOVERY DEADLINES, AND TRIAL

MARY KAY VYSKOCIL, United States District Judge:

On February 26, 2024, the Court held a conference in this matter. This Order memorializes a number of rulings the Court made from the bench.

IT IS HEREBY ORDERED that Jaffrey's motion to amend the Counterclaims [ECF No. 130] is GRANTED pursuant to the safe harbor provision of Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11. Jaffrey shall review and refine, as appropriate, his proposed amended counterclaims and file amended counterclaims by 4:00 p.m. on March 1, 2024.

Accordingly, Scaminaci's motion to dismiss the current Counterclaims [ECF No. 85] is DENIED as moot. The Court GRANTS Scaminaci leave to file a motion to dismiss the amended counterclaims after the parties engage in mediation.

IT IS FURTHER ORDERED that Scaminaci's motion for Rule 11 sanctions [ECF No. 114] is DENIED. Scaminaci failed to file a pre-motion letter requesting leave to file a motion for sanctions, as required by Rule 4(A)(i) of the Court's Individual Rules of Practice in Civil Cases. Moreover, the Court is not prepared to find bad faith. *See also Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) (holding that courts ordinarily "are under no particular obligation to make findings with regard to the compliance of litigants and their counsel with Rule 11 or to impose sanctions once a violation is found").

IT IS FURTHER ORDERED that Scaminaci's motion to file a second amended complaint [ECF No. 121], which he filed without leave three years after he initiated this case, is DENIED. The motion to amend is untimely under the Civil Case Management Plan and Scheduling Order in effect [ECF No. 82 ¶ 3].

IT IS FURTHER ORDERED that the requests to extend the briefing schedules with respect to Scaminaci's motion to amend and motion for sanctions [ECF Nos. 125, 127] are DENIED as moot.

IT IS FURTHER ORDERED that the parties shall file a joint letter by 4:00 p.m. on February 28, 2024 regarding the status of the sealing requests pending at docket entries 84, 107, 113, 120, and 129.

IT IS FURTHER ORDERED that, as the Court explained at the conference in connection with the discovery disputes raised in the letters at docket entries 99 and 106, Jaffrey must produce responsive documents, albeit for attorneys' eyes only in the first instance.

IT IS FURTHER ORDERED that the parties shall promptly confer in good faith to agree upon a proposed revised protective order and shall file the proposed revised protective order by 4:00 p.m. on February 28, 2024. Their proposal shall reflect the Court's ruling that Jaffrey's production of additional documents will be for attorneys' eyes only in the first instance, but counsel for Scaminaci may, on an *ex parte* basis, seek leave to disclose such documents to the client. The proposed revised protective order shall further reflect the Court's ruling that the documents Jaffrey designates for attorneys' eyes only may be used for purposes of this litigation only and cannot be disclosed to anybody other than counsel of record.

IT IS FURTHER ORDERED that Scaminaci's request for more detailed disclosures related to Palistar's financial outlook [ECF No. 105] is DENIED, but Jaffrey must update the financial information he has provided as necessary.

IT IS FURTHER ORDERED that Jaffrey's request to quash the subpoena Scaminaci served on a third party [ECF No. 109] is DENIED.

IT IS FURTHER ORDERED that the deadline to complete fact discovery is extended to March 29, 2024, and the deadline to complete expert discovery is extended to May 29, 2024. These are firm deadlines, and the parties should not request further extensions.

IT IS FURTHER ORDERED that the trial in this case will begin on October 29, 2024. The parties shall submit the Joint Pretrial Order, any motions *in limine*, and all other Required Pretrial Filings in accordance with the Court's Individual Rules by September 23, 2024.

At the conference, both parties expressly consented to the Court's proposal to speak with Justice Masley, who is presiding over *Jaffrey v. Scaminaci*, No. 653352/2022 (N.Y. Sup. Ct., N.Y. Cty.), and then recommend potential mediators to the parties. The Court will email the parties its recommendations. By March 4, 2024, the parties shall file a joint letter, on the docket, informing the Court whether they have agreed on a mediator and the schedule for the mediation.

As the Court stated at the conference, **counsel for both sides are on notice that failure to comply with the Court's Individual Rules and orders and to work cooperatively with each other will result in sanctions**.

The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 85, 102, 105, 107, 108, 109, 113, 114, 120, 121, 125, 127, 12, and 130.

**SO ORDERED.**

**Date: February 26, 2024**  
**New York, NY**

_Mary Kay Vyskocil_  
**MARY KAY VYSKOCIL**  
**United States District Judge**